J-S25020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH C. HOCKENBERRY | |
| Appellant | No. 1047 WDA 2015 |

Appeal from the PCRA Order June 8, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000535-2011

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                     **FILED APRIL 6, 2016**

Appellant, Kenneth C. Hockenberry, appeals from the June 8, 2015 order dismissing, as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On January 5, 2012, Appellant entered a guilty plea to two counts each of indecent assault and endangering the welfare of a child.[1]  On May 1, 2012, the trial court imposed concurrent sentences of one to four years' imprisonment on each count.  Appellant filed a timely post-sentence motion

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7) and 4304(a)(1), respectively.

on May 10, 2012, which the trial court denied on May 30, 2012. Appellant did not file a notice of appeal to this Court.

On January 9, 2015, Appellant filed the instant *pro se* PCRA petition. The PCRA court appointed counsel and conducted a hearing on June 5, 2015, limited to the issue of timeliness. On June 8, 2015, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely. On July 7, 2015, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following issues for our review.

> [I.]   Whether the [PCRA c]ourt erred in its finding/conclusion that the [PCRA p]etition filed by []Appellant was untimely and the [PCRA c]ourt was therefore without jurisdiction to hear the same?
>
> [II.]  Whether the [PCRA c]ourt erred in its finding/conclusion that []Appellant failed to meet any of the exceptions to any timeliness requirement that may have been applicable?

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings

---

[2] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

We address Appellant's issues together, as they both pertain to the timeliness of Appellant's PCRA petition, which implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, **Ali v. Pennsylvania**, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition

- 3 -

may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In the instant case, Appellant was sentenced on May 1, 2012 and filed a timely post-sentence motion on May 10, 2012, which was denied on May 30, 2012. As a result, Appellant's judgment of sentence became final on June 29, 2012, when the filing period for a notice of appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.Crim.P. 720(A)(2)(a) (stating that a notice of appeal shall be filed "within 30 days of the entry of the order deciding the [post-sentence] motion[]"). Appellant therefore had until July 1, 2013 to timely file his PCRA petition.[3] *See* 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of

---

[3] We observe that June 29, 2013 was a Saturday; therefore, as weekends are excluded from the computation of filing periods, Appellant's PCRA petition was due by Monday, July 1, 2013. *See generally* 1 Pa.C.S.A. § 1908.

- 5 -

the date the judgment becomes final[]"). Appellant filed the instant petition on January 9, 2015; as a result, it was facially untimely.

However, Appellant avers that the governmental interference exception applies to his petition.[4] Appellant's Brief at 16. In order to meet the statutory requirements of the governmental interference exception, "Appellant was required to plead and prove that his failure to raise the claim *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States …." ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (internal quotation marks and citation omitted; emphasis in original). A defendant claiming this exception must also show that "the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within

---

[4] Appellant acknowledges that this exception was not raised in his PCRA petition. Appellant's Brief at 16. However, the PCRA court allowed Appellant to argue this exception at the June 5, 2015 hearing. N.T., 6/5/15, at 12-29. As it was properly before the PCRA court, and in light of the jurisdictional nature of the PCRA time-bar, Appellant's issue is preserved. ***See generally Seskey***, ***supra***.

sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2)*.* The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Id.* (some citations omitted). Our Supreme Court has held that Section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim could have **first** been presented. *Commonwealth v. Edmiston*, 65 A.3d 339, 350 (Pa. 2013), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).

In this case, Appellant's governmental interference exception argument consists of the following.

Based on the underlying facts of this matter, including, but not necessarily limited to []Appellant's underlying medical condition, the absence of appropriate medical treatment from jail staff while in the County jail and in advance of his being incarcerated within the state correctional system, and particularly, resulting in the untimely occurrence of his seizure shortly before the entrance of his plea that left him without glasses, unable to read the relevant documents, in a state of "confusion" or "fog" that lasted throughout his plea and sentencing and until his ultimate receipt of appropriate medical treatment at the state correctional system, as well as his limited education, his absence of legal knowledge, particularly as to how the system works, and his assertion as to the absence of any response from the staff at the state correctional facility to his request for legal assistance to address his claim as to ineffectiveness of his trial counsel, []Appellant believes and maintains that at a minimum, such circumstances are sufficient and warrant the

- 7 -

invoking of the "governmental interference" exception to [the] one (1) year time deadline.

Appellant's Brief at 16.

After careful review of the certified record, we conclude Appellant is not entitled to relief. This Court has explained that "the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." **Commonwealth v. Monaco**, 996 A.2d 1076, 1081 (Pa. Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 1210 (Pa. 2011). The only part of Appellant's argument that arguably alleges interference by governmental officials is "the absence of appropriate medical treatment from jail staff while in the County jail and in advance of his being incarcerated within the state correctional system[.]" Appellant's Brief at 16. Appellant's brief does not explain which government officials denied him medical treatment, what treatment he needed, and how the absence of said treatment prevented him from timely filing his PCRA petition.

However, even if Appellant did explain all of the above, he would still not be entitled to invoke Section 9545(b)(1). During Appellant's testimony at the PCRA hearing, Appellant conceded he was aware of the substantive basis for his petition at the time of the plea and sentencing in 2012; specifically, that plea counsel rendered ineffective assistance. N.T., 6/5/15, at 19-20. Furthermore, Appellant testified that he began to receive the appropriate medication from SCI Somerset "a couple years" before the filing

of his PCRA petition. *Id.* at 21-22. Therefore, Appellant's PCRA petition, filed on January 9, 2015, was filed beyond 60 days that his claims could have first been presented. ***Edmiston***, ***supra***. As a result, Appellant has not carried his burden to show that there was governmental interference in this case, and even if he could show said interference, Appellant's petition did not comply with the 60-day rule at Section 9545(b)(2).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's petition as untimely. Accordingly, the PCRA court's June 8, 2015 order is affirmed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2016